UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALETA CLARK, | : **CIVIL ACTION** |
| | : |
| PLAINTIFF, | : |
| | : |
| vs. | : |
| | : **NO.** |
| | : |
| UNUM LIFE INSURANCE COMPANY | : |
| OF NORTH AMERICA, | : |
| | : |
| | : |
| | : |
| DEFENDANT. | : **COMPLAINT** |

Plaintiff, Aleta Clark, by her attorneys, Bross & Frankel, P.A., respectfully alleges that:

**Jurisdiction and Venue**

1. This is a civil action under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)(B) for failure to provide adequate administrative review and failure to grant benefits for a claim for long-term disability (hereinafter "LTD") benefits, based on a finding that the Plaintiff is not disabled.

2. At all times relevant hereto, Defendant, UNUM Life Insurance Company of North America (hereinafter "UNUM"), was the administrator of a certain Long-Term Disability Plan (hereinafter "the Plan"), governed by the Employee Retirement Income and Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1101 et seq.

3. At all times relevant hereto, the aforementioned Plan was administered by Defendant, by virtue of a Long-Term Disability policy issued to Plaintiff's former employer, Penn Presbyterian Medical Center, as Group Policy Number 501155.

4. The jurisdiction of this Court is invoked, pursuant to Section 1132(a)(1)(B) of ERISA, which allows an ERISA plan participant to bring a civil action to recover benefits due her under the terms of the Plan and Section 1132(a)(3)(B), which allows an ERISA plan participant to bring a civil action to seek equitable relief against any practice which violates a provision of the terms of the Plan.

**Statement of Facts**

5. Plaintiff, Aleta Clark, is an individual and resides at 235 Wynnewood Avenue Lansdowne, PA 19050.

6. Defendant, UNUM regularly does business in the State of New Jersey, and has corporate offices located at 1 Fountain Square, Chattanooga, TN 37402.

7. At all times relevant hereto, Plaintiff was employed by Penn Presbyterian Medical Center, and, as such, qualified as a participant in the aforementioned Plan.

8. On or about February 2018, Plaintiff became disabled and unable to work as a result of multiple medical impairments, including but not limited to major depressive disorder, post-traumatic stress disorder (PTSD), bilateral epicondylitis, left shoulder issues, migraines, GERD, hypertension, and sleep apnea.

9. Thereafter, on February 2018, Plaintiff applied for disability benefits as a participant in the aforesaid Plan administered by Defendant, UNUM.

10. Thereafter, Defendant, approved Plaintiff's application for long-term disability benefits as of September 6, 2018.

11. Thereafter, Defendant terminated the Plaintiff's long-term disability benefits, by letter, dated July 6, 2021.

12. Thereafter, the Plaintiff appealed the denial.

13. Thereafter, the Defendant upheld its denial, by letter, dated May 12, 2022.

14. Defendant is in breach of its contractual obligations to provide long-term disability benefits to which Plaintiff is entitled under the Plan, insofar as the Plaintiff has remained totally disabled and unable to work since July 6, 2021, due to her medical conditions as confirmed by her complaints, substantial objective medical evidence and the credible opinions of her physicians.

15. Plaintiff is owed disability benefits from Defendant, since July 6, 2021, under the terms of the Plan.

16. Plaintiff is entitled to an Order from this Court, compelling Defendant to pay her disability benefits as provided in the Plan and according to 29 U.S.C. §1132(a)(1)(B).

**WHEREFORE**, Plaintiff, Ms. Aleta Clark, demands the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant, and that the court order the Defendant to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the court order the Defendant to pay Plaintiff pre-judgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order Defendant to continue paying benefits to Plaintiff until such time as she meets the policy conditions for discontinuance of benefits;

D. That the court award Plaintiff her attorney's fees pursuant to 29 U.S.C. Section 1132(g); and,

E. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

DATED:  September 12, 2022                    BROSS & FRANKEL, P.A.

                                        By: s/Richard L. Frankel, Esquire
                                             RICHARD L. FRANKEL, ESQUIRE
                                             ATTORNEYS FOR PLAINTIFF,
                                             ALETA CLARK
                                             725 Kenilworth Ave
                                             Cherry Hill, New Jersey  08002
                                             rich@brossfrankel.com